In the Matter of the Application of ISIDORE BREGMAN, Petitioner, for a Peremptory Mandamus Order against PATRICK J. REVILLE, as Superintendent of the Bureau of Buildings for the Borough of The Bronx of the City of New York, Respondent.

Supreme Court, Special Term, New York County, ——————————— —.

Municipal corporations — zoning ordinances — New York city — peremptory mandamus to compel cancellation of revocation of building permit — petitioner was granted permit to erect factory in unrestricted district — district was rezoned to prohibit erection of building to be used as factory — petitioner's acts insufficient to relieve him from operation of zoning ordinances as changed — superintendent of buildings was justified under Greater New York Charter, § 411-a, in refusing certificate of occupancy.

The petitioner seeks a peremptory mandamus order to compel the superintendent of buildings of New York city to cancel the revocation of a building permit issued to petitioner in August 1926, to erect a factory building in a then unrestricted district. In September and again in December of 1926 the zoning ordinance was changed so as to bring a portion of the property in question within a district in which a factory could not be erected.

The petitioner contends that erection was commenced before the change of the ordinance to the extent of making excavation and was completed in 1927, but that is denied by the district inspector of the building department and by residents of the neighborhood. The construction of petitioner's building was continued over the protest of the superintendent of buildings. Petitioner's acts were clearly insufficient to relieve him from the operation of the ordinance as changed.

The building superintendent was justified in refusing to issue a certificate of occupancy, under section 411-a of the Greater New York Charter, until satisfactory evidence was furnished that the building was not to be used for a prohibited purpose.

APPLICATION for a mandamus order.

*Louis Rosenberg* [*Martin H. Young* of counsel], for the petitioner.

*George P. Nicholson* [*Russell Lord Tarbox* of counsel], for the respondent.

WASSERVOGEL, J. Petitioner seeks a peremptory order of mandamus, directing the superintendent of buildings for the borough of The Bronx to cancel the revocation of a building permit issued by him and to issue a certificate of occupancy. Whether the superintendent of buildings had the power to revoke the building permit issued by him to the petitioner need not be determined, for it is conceded that the building referred to therein has been completed, and it appears that it is now being used by the petitioner in the prosecution of his business, the exact nature of which, however, is in dispute. The petitioner has applied to the superintendent of

buildings for a certificate of occupancy, and his application has been denied. He contends that such refusal is unwarranted and unjustifiable in the light of the following facts and circumstances: On July 31, 1926, the petitioner, through an architect named Gloster, filed plans and applied for a permit for the erection of a factory building at a location in the borough of The Bronx which was then an unrestricted zone. The plans were approved and the permit issued on August 2, 1926. At this time petitioner had no interest in the premises. He did not contract to purchase the property until August 18, 1926, and acquired title thereto on October 14, 1926. On August 25, 1926, he entered into a contract with a builder for the erection of a factory in accordance with the filed plans. Petitioner claims that certain work by way of excavation and of the value of $1,200 was done by the builder in the early part of September, 1926, but that he was forced to discontinue such work because of financial difficulties, and could not resume it until April, 1927. That any of this work was done prior to April, 1927, is denied by persons residing in the immediate vicinity of the factory and by the district inspector of the building department. On September 30, 1926, the board of estimate and apportionment adopted a resolution by the provisions whereof the zoning resolution was amended by changing the map which embraced the property of the petitioner, so as to place in a business district a portion of the said premises, including a part upon which the factory was erected. On December 9, 1926, another similar resolution was adopted changing to a business district another portion of said premises, but not involving any part thereof occupied by the factory. Work on petitioner's building was continued after April, 1927, over the protest of the superintendent of buildings, until it was completed on or about September 6, 1927.

Petitioner contends that the commencement of work and the undertaking of obligations prior to the adoption of the zoning resolution hereinabove referred to created in him a vested right of which he could not be deprived. Petitioner's acts, however, are clearly insufficient to relieve him from the operation of such ordinances. (*Matter of Fox Lane Corp.* v. *Mann,* 243 N. Y. 550, affg. 216 App. Div. 813.) The building superintendent is given authority to issue the certificate of occupancy by virtue of chapter 9, title 2, section 411-a, subdivision 1, of the Greater New York Charter (added by Laws of 1916, chap. 503, § 5) which provides:

" § 411-a. 1. New Buildings. No building hereafter erected shall be occupied or used, in whole or in part, for any purpose whatever until a certificate of occupancy therefor in such form as may be authorized by the building code and the board of standards

and appeals, certifying that such building conforms to the require-ments of all laws, ordinances and rules and regulations of the board of standards and appeals applicable thereto shall have been issued by the superintendent of buildings of the borough in which such building is situated."

Upon the facts presented the superintendent of buildings was justified in refusing to issue such certificate until satisfactory evidence had been submitted to him, indicating that the contem-plated use of the petitioner's building was not a violation of the zoning ordinances of September 30 and December 9, 1926, herein-before referred to. If such evidence is submitted, and the superin-tendent on the facts before him makes a ruling adverse to petitioner, the latter has a remedy by appeal from the decision made to the board of standards and appeals, and, if such decision be affirmed by the board, to review the action of the board by certiorari. This issue is not properly determinable by the court at this time.

Motion for peremptory order of mandamus is denied, with costs. Settle order on notice.